### In the Matter of THOMASTON MILLS, INC., Debtor.

### No. 01–52544 RFH.

United States Bankruptcy Court, M.D. Georgia, Macon Division.

April 14, 2005.

Richard B. Herzog, Jr., Byron C. Starcher, Atlanta, GA, for Charles C. Crumley, Chapter 11 Trustee.

Don E. Snow, Thomaston, GA, for Respondents.

## MEMORANDUM OPINION

ROBERT F. HERSHNER, JR., Chief Judge.

Charles C. Crumley, Chapter 11 Trustee (hereafter "Trustee"), filed on February 22, 2005, his Trustee's Motion for Summary Judgment on the Eight Omnibus Objections to Allowance of Claims. Respondents filed a response on March 14, 2005.[1] The Court, having considered the record, the stipulations of facts, the affidavits, and the arguments of counsel, now publishes this memorandum opinion.

The material facts are set forth in a prior decision by the Court.[2] In that decision the Court stated, in part:

Thomaston Mills, Inc., Debtor, was a textile manufacturer. Debtor operated a number of textile mills. Debtor established a severance plan for its "exempt salaried employees." The effective date of the severance plan was November 1, 2000. The purpose of the severance plan was to provide severance benefits

1. Respondents are thirty-four former employees of Thomaston Mills, Inc. Respondents are Andrew K. Austin, Jr., Robert L. Blount, Elmore Cobbs, Carolyn Green, John I. Pope, Jr., Dianne McKinley, Sharon E. Ryals, Eric F. Wornum, Walter L. Brown, Jr., Jeffery A. Carson, Jerry W. Chastain, Tony F. Chastain, Bobby D. Fenley, Charles Fields, Merrill George, Melvin Graddick, William Barry Hancock, Jimmy W. Hall, David Mark Harris, Charles M. Johnson, Karen Jones, Thelma Jones, Robert Nelson Kay, Gregory Marshall, Theo Mills, Melvin L. Pressley, George A. Pruett, Prentice M. Robinson, Gary M. Shumate, Carl P. Trice, Frank O. Wiggins, Glenn L. Wilder, Donald S. Voyles, and Paul D'Andries.

2. *In re Thomaston Mills, Inc.*, 301 B.R. 918 (Bankr.M.D.Ga.2003).

to exempt salaried employees whose employment may be involuntarily terminated due to permanent layoff, unsatisfactory job performance, or following a "change in control."

Debtor was having financial problems when the severance plan was established. Respondents argue that Debtor established the severance plan in order to retain its key employees.

Debtor continued to have financial problems. Debtor's Board of Directors voted on June 14, 2001, to terminate the severance plan effective that date. Debtor, on June 14, 2001, sent a notice advising all of its employees that Debtor was permanently closing its textile mills. The notice advised that the severance plan was terminated effective June 14, 2001. The notice also advised that most of Debtor's employees would be terminated on June 16, 2001. Respondents were terminated after June 14, 2001.

Debtor filed a petition under Chapter 11 of the Bankruptcy Code on June 19, 2001. Debtor has liquidated most of its assets and will not reorganize as a going concern. The Court entered an order on March 18, 2002, approving the appointment of Charles C. Crumley as Chapter 11 Trustee.

Respondents have each filed a proof of claim asserting a claim for severance pay under the severance plan. Trustee filed an objection to the proofs of claim. Trustee contends that the claims are for severance pay accruing after the severance plan was terminated. Trustee contends that Respondents' claims should be disallowed.

The severance plan provides that Debtor may, prior to a change in control, permanently suspend severance benefits or terminate the severance plan. Trustee and Respondents disagree on whether the vote by Debtor's Board of Directors to terminate the severance plan was effective. Trustee and Respondents have asked the Court to decide this threshold legal issue before the factual merits of each claim by Respondents is presented.

301 B.R. at 919–20.

The Court, in its prior decision, held that Debtor's severance plan was terminated on June 14, 2001. The Court also held that Respondents had no vested interests under the severance plan before it was terminated.[3] 301 B.R. at 925.

The Court, having decided the threshold legal issue, is now asked to decide the factual merits of Respondents' claims.

Trustee and Respondents filed a second stipulation of facts on December 15, 2004. Docket No. 714. The stipulation states that Respondents received their full salary through and including their respective termination dates. Respondents did not execute General Release and Stipulation Agreement[s] as required by the severance plan. Thirty-two of the Respondents were terminated on or after June 15, 2001. Two of the Respondents were terminated prior to June 14, 2004.

Respondents assert that they were not requested to sign general releases. Respondents assert that they are willing to sign general releases.

---

**3.** The Court's prior decision was published on December 5, 2003. Trustee and Respondents filed a second stipulation of facts, Docket No. 714, on December 15, 2004. The second stipulation shows that two of the Respondents, John I. Pope, Jr. and Prentice M. Robinson, were terminated before Debtor's severance plan was terminated. The Court is persuaded that Mr. Pope's and Mr. Robinson's entitlement to severance pay arose before the plan was terminated.

In their response to Trustee's motion for summary judgment, Respondents argue that it was unjust and unfair for Debtor to terminate the severance plan on the eve of bankruptcy. The Court considered these arguments in its prior decision. The Court is persuaded that the thirty-two Respondents who were terminated on or after June 15, 2001, are not entitled to severance pay. The Court is persuaded that Trustee's motion for summary judgment should be granted as to these thirty-two Respondents.

The second stipulation of facts shows that John I. Pope, Jr. was terminated on February 28, 2001, and that Prentice M. Robinson was terminated on March 9, 2001. Mr. Pope and Mr. Robinson were terminated before Debtor terminated the severance plan on June 14, 2001. Mr. Pope and Mr. Robinson assert that they are willing to execute general releases as required by the severance plan.[4] The Court is persuaded that Mr. Pope and Mr. Robinson are entitled to benefits under the severance plan.

Mr. Pope and Mr. Robinson were terminated more than ninety days before the date Debtor filed for bankruptcy or the date Debtor ceased doing business. Therefore their claims for severance pay are not entitled to priority under 11 U.S.C.A. § 507(a)(3)(A). 4 *Collier on Bankruptcy* ¶ 507.05[5][b] (15th ed. rev. 2004) (severance benefits will not qualify for priority if employee was terminated before the ninety day period before the bankruptcy filing because the benefits were not earned within the ninety day period).

The Court is persuaded that the claims for severance pay of Mr. Pope and Mr. Robinson are non-priority unsecured claims.

An order in accordance with this memorandum opinion shall be entered this date.

---

**4.** The Court notes that the employer rather than the employee customarily provides such

documents.